**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Keenan and Kim Kennedy, | : | |
| P/N/G of Tireke Newsome, a minor | : | |
| 44 North 12th Street | : | |
| Lebanon, PA 17046 | : | |
|         Plaintiffs, | : | |
| | : | CIVIL ACTION NO.:   11-0382 |
|     v. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |
| The School District of Lebanon | : | |
| 1000 S. 8th Street | : | |
| Lebanon, PA 17042 | : | |
| | : | |
|     And | : | |
| | : | |
| Neil Young, individually & in his | : | |
| official capacity as Principal of | : | |
| Northwest Elementary School | : | |
| 900 E. Maple Street | : | |
| Lebanon, PA 17046 | : | |
| | : | |
|     And | : | |
| | : | |
| Maryanne T. Bartley, individually & in | : | |
| her official capacity as Superintendent | : | |
| of the School District of Lebanon | : | |
| 900 E. Maple Street | : | |
| Lebanon, PA 17046 | : | |
| | : | |
|     And | : | |
| | : | |
| Good Samaritan Health Services | : | |
| Foundation of Lebanon, Pennsylvania | : | |
| 4th & Walnut Streets | : | |
| Lebanon, PA 17042 | : | |
| | : | |
|     And | : | |
| | : | |
| Good Samaritan Family Practice | : | |
| 4th & Walnut Streets | : | |
| Lebanon, PA 17042 | : | |
| | : | |
| And | : | |
| | : | |
| John Does, 1-10 | : | |
|         Defendants. | : | |

## FIRST AMENDED CIVIL ACTION COMPLAINT

**I.  Jurisdiction**

1.      Plaintiffs bring this case under federal, state, and constitutional laws and amendments, respectively.

2.      Plaintiffs seek actual, statutory and punitive damages together with attorney's fees and costs, and injunctive relief.

3.      Jurisdiction of this matter is conferred upon this Court by 28 U.S.C. §1331; supplemental jurisdiction over Plaintiff s' state law claims is granted by 28 U.S.C. §1367.

4.      Venue lies in this judicial district, in that the events that gave rise to this claim occurred here.

**II.  Parties**

5.      Plaintiffs, Keenan and Kim Kennedy ("Father" and "Mother," respectively), are individuals and husband and wife, and are also parents and natural guardians of Plaintiff, Tireke Newsome ("Newsome"), a minor, all residing at the above captioned address.

6.      Defendant, School District of Lebanon, is a governmental entity which provides public education to students in the Lebanon area.

7.      Defendant, Neil Young ("Young"), at all times material, was and/or is the principal of Northwest Elementary School, and at all times relevant was the primary legal official responsible for any policy, custom, practice and other decision governing actions relevant to this matter, and at all times material here to was acting under color of state law.

8.      Defendant, Maryanne T. Bartley ("Bartley"), at all times material, was and/or is the Superintendent of the School District of Lebanon, and at all times relevant was the primary legal

official responsible for any policy, custom, practice and other decision governing actions relevant to this matter, and at all times material here to was acting under color of state law.

9.      The foregoing Defendants, School District of Lebanon, Young and Bartley shall be collectively referred to as "School District Defendants."

10.     Defendant, The Good Samaritan Health Services Foundation of Lebanon, Pennsylvania ("Good Samaritan"), is a non-profit corporation, organized and existing under the laws of the Commonwealth of Pennsylvania.

11.     Defendant, The Good Samaritan Family Practice, ("GSFP"), is a non-profit corporation, organized and existing under the laws of the Commonwealth of Pennsylvania and is a private entity within The Good Samaritan Health Services Foundation.

12.     Defendants, John Does, 1-10, at all times material, was and/or is an employee(s) of Defendants acting under color of state law pursuant to official policy, custom or practice, in both an individual and official capacity.

**III. Facts**

13.     In or around March 2009, Plaintiff, Newsome, started school at Northwest Elementary School ("Northwest").

14.     In the school year beginning on September, 2009, Newsome was assigned to the fourth grade at Northwest.

15.     At all times material, the School District Defendants had a policy that all students must submit to a physical examination administered by the GSFP, upon original entry to school, in kindergarten, 6th and 11th grades.  (Exh. A).

16.     At all times material, Plaintiffs, Keenan and Kim Kennedy, were advised that they were permitted to attend the physical examination.

17.     On or about, July 15, 2009, Plaintiffs, Keenan and Kim Kennedy forwarded a form to Defendants indicating their desire to attend the physical examination of Newsome.  (Exh. A.)

18.     Plaintiffs Keenan and Kim Kennedy were advised by School District Defendants that the physical examination would take place on December 17, 2009, at 2:00p.m. and Plaintiffs made arrangements to be present for the physical examination.

19.     On or about November 19, 2009, Plaintiff Newsome was removed from class, by and at the behest and direction of the School District Defendants (pursuant to their policy) and given a physical examination by defendant, GSFP, by and through their agent, workmen, servant, or employee, acting individually and/or in the scope of employment, Defendant, John Doe.

20.     Said physical examination included an examination of Newsome's genatalia.

21.     The physical examination was performed out of the Kennedys' presence, and without their consent.

22.     Plaintiffs Kennedys had provided a signed consent form, however, Plaintiffs Kennedys indicated on the parental consent form that they were to be present for the physical examination.

23.     The School District Defendants disregarded the parental consent form with the caveat provided by the Plaintiff parents, that the examination could go forward, however Plaintiff parents demanded to attend.

24.     After the physical examination, Newsome was visibly upset, crying and shaken from the examination.

25.     Consequently, Plaintiffs, Keenan and Kim Kennedy was forced to remove Newsome from the school and transfer him to Southwest Elementary in Lebanon.

26.     At all times material hereto, Plaintiffs Keenan and Kim Kennedy had a 14th Amendment right to be free from governmental interference in the rearing of their child, Plaintiff Newsome.

27.     At all times material hereto, Plaintiff Newsome had a 4th Amendment right to be free from governmental intrusion into his bodily integrity.

## COUNT I
## CIVIL RIGHTS VIOLATION
### (4th and 14th Amendments)
*Plaintiffs v. Defendants School District of Lebanon and Defendants Young and Bartley, in their individual capacities*

28.     Plaintiff incorporates paragraphs 1-27 as if same were fully set forth at length herein.

29.     As a direct and proximate result of Defendants' conduct, as set forth above, committed under color of state law, Plaintiff, Newsome was deprived of his right as a public school student to personal security and bodily integrity.

30.     As a direct and proximate result of Defendants' conduct, as set forth above, committed under color of state law, Plaintiffs, Kennedys were deprived of their rights as parents to be free from governmental intrusion into their rights to rearing their children.

31.     As a result, Plaintiffs suffered and continues to suffer harm, in violation of their rights under the laws and Constitution of the United States of America, in particular the Fourth and Fourteenth Amendments thereto, by Title 42 U.S.C. §§1983, et seq., including, but not limited to, Defendants' state-created danger and failure to protect.

32.     Newsome had the right to be free from the intrusive physical examination.

33.     Plaintiffs Kennedys had a right to attend the physical examination of Newsome.

34.     Plaintiffs Kennedys had the rights to be free from governmental intrusion into the rearing of their child.

35.     The School District Defendants violated those rights by ordering the physical examination of Plaintiff Newsome without the consent of the Plaintiffs Kennedys and, specifically, by disregarding the conditions the Plaintiffs Kennedys put on the physical examination of Newsome, i.e., Plaintiffs Kennedys insisted on being present, School District

Defendants agreed Plaintiffs Kennedys could attend, and then disregarded this condition by pulling Newsome out of class, unannounced and without notice, and performing the examination without their consent.

36.     The actions described herein of Defendants were so malicious, intentional, and displayed with a reckless indifference to the rights, safety and well being of the Plaintiffs, that imposition of punitive damages are warranted.

        **WHEREFORE**, Plaintiffs demands judgment against Defendants for compensatory damages in an amount in excess of $75,000.00; plus punitive damages in excess of $250,000.00 against Defendants in their individual capacities; attorney's fees and costs; and statutory, injunctive and such other relief and costs this Honorable Court deems necessary and just.

<u>COUNT II</u>
**CIVIL RIGHTS VIOLATION-MONELL**
*Plaintiff v. School District Defendants, and Defendants Yougn and Bartley*
*in their official capacities*

37.     Paragraphs above are incorporated by reference as if fully set forth at length herein and below.

38.     Prior to the events described herein, Defendants', developed and maintained policies, practices and customs exhibiting deliberate indifference to the Constitutional right of persons within the geographic and jurisdictional limits of City of Lebanon, which caused violations of Plaintiffs' constitutional and other rights, more specifically set forth above, at length.

39.     Specifically, Defendants' failed to adequately and properly supervise and train in various aspects of health care and physical examinations in violation of the laws of the United States, Commonwealth of Pennsylvania, and otherwise.

40.     The actions and conduct of Defendants was caused by their failure, with deliberate indifference, to properly train, control or supervise the school employees with respect to their procedures for ensuring the safety and protection of their students.

41.     The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of citizens, such as Plaintiffs, and were the cause of the violations of Plaintiffs' rights as set forth herein.

**COUNT III**
**CIVIL RIGHTS VIOLATION**
**(4th and 14th Amendments)**
*Plaintiffs v. Defendants Good Samaritan and GSFP*

42.     Plaintiffs incorporates paragraphs 1-41 as if same were fully set forth at length herein.

43.     At all times material hereto, Defendant Good Samaritan and GSFP were acting under color of state law, by and at the behest of the other Defendants named above.

44.     At all times material hereto, and as a direct and proximate result of Defendants' conduct, as set forth above, committed under color of state law, Plaintiffs, Newsome was deprived of his right as a public school student to personal security and bodily integrity.

45.     As a direct and proximate result of Defendants' conduct, as set forth above, committed under color of state law, Plaintiffs, Kennedys were deprived of their rights as parents to be free from governmental intrusion into their rights to rearing their children.

46      As a result, Plaintiffs suffered and continues to suffer harm, in violation of their rights under the laws and Constitution of the United States of America, in particular the Fourth and Fourteenth Amendments thereto, by Title 42 U.S.C. §§1983, et seq., including Defendants' state-created danger and failure to protect.

47.     Newsome had the right to be free from the intrusive physical examination.

48.     Plaintiffs Kennedys had a right to attend the physical examination of Newsome.

49.     Plaintiffs Kennedys had the right to be free from governmental intrusion into child rearing.

50.     The Defendants violated those rights by performing the physical examination of Plaintiff Newsome, under the color of state law, without the consent of the Plaintiffs Kennedys and, specifically, by disregarding the provisions the Plaintiffs Kennedys put on the physical examination of Newsome, i.e., Plaintiffs Kennedys insisted on being present, Defendants agreed Plaintiffs Kennedys could attend, and then disregarded this agreement by pulling Newsome out of class and performing the examination without their consent.

51.     The actions described herein of Defendants were so malicious, intentional, and displayed with a reckless indifference to the rights, safety and well being of the Plaintiff, that imposition of punitive damages are warranted.

        **WHEREFORE**, Plaintiff demand judgment against Defendants for compensatory damages in an amount in excess of $75,000.00; plus punitive damages in excess of $250,000.00 against Defendants in their individual capacities; attorney's fees and costs; and statutory, injunctive and such other relief and costs this Honorable Court deems necessary and just.

## COUNT IV
## NEGLIGENCE
### (Plaintiff v. Defendants, Good Samaritan and GSFP)

52.     Plaintiff incorporate paragraphs 1 through 51 as if fully set forth at length herein.

53.     At all times material hereto and as set forth above, Defendants had a duty to the Plaintiff Newsome.

54.     Plaintiff was injured due to the negligence, carelessness and recklessness of Defendants, their agents, servants, workmen and employees, which consisted, but was not limited to, the following:

       a.       Failing to verify whether the physical examination was being performed in with parental consent, and/or subject to the conditions set forth by the Plaintiffs, parents; and

       b.       Other negligent, careless and/or reckless acts as may be revealed during discovery.

55.     As a direct result of the aforesaid negligence, carelessness and recklessness of the Defendants, its agents, servants, workmen and employees, Plaintiff sustained severe, serious and permanent personal injuries as fully set forth above.

     **WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages in an amount in excess of $75,000.00; and such other relief and costs this Honorable Court deems necessary and just.

**COUNT V**
**BATTERY**
**Plaintiff, Newsome v. Defendants Good Samaritan and GSFP**

56.     Plaintiff incorporates paragraphs 1 through 55 as if fully set forth at length herein.

57.     As set forth above, Defendants', Good Samaritan and GSFP, their agents, servants, workmen and employees, conduct in performing a unauthorized physical examination of the Plaintiff Newsome without permission constitutes a harmful and offensive contact upon Plaintiff, Newsome.

58.     As a direct and proximate result of the harmful and offensive physical contact, Plaintiff was injured as set forth above.

     **WHEREFORE**, Plaintiff demand judgment against Defendants for compensatory damages in an amount in excess of $75,000.00; plus punitive damages in excess of $250,000.00 against Defendants in their individual capacities; attorney's fees and costs; and statutory, injunctive and such other relief and costs this Honorable Court deems necessary and just.

**WEISBERG LAW, P.C.**

/s/ Matthew B. Weisberg
MATTHEW B. WEISBERG
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

KEENAN AND KIM KENNEDY      :
P/N/G of TIREKE NEWSOME, a minor    :
                                   :    NO.:   11-0382
             Plaintiffs,    :
                                   :
       v.                    :
                                   :
CITY OF LEBANON, et al.         :
                                   :
            Defendants.    :

## <u>CERTIFICATE OF SERVICE</u>

     I, Matthew B. Weisberg, Esquire, hereby certify that on this 27th day of May 2011, a true

and correct copy of the foregoing Plaintiffs, Kennedy's, First Amended Compliant was served

via ECF upon the following parties:

David J. MacMain, Esq.
Lamb McErlane, P.C.
24 East Market Street
P.O. Box 565
West Chester, PA 19381-0565

John E. Freund, III, Esquire
King, Spry, Herman, Freund & Faul
One West Broad Street
Suite 700
Bethlehem, PA 18018

Craig A. Stone, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
4200 Crums Mill Road, Suite B
Harrisburg, PA 17112

                                      WEISBERG LAW, P.C.

                                      /s/ Matthew B. Weisberg
                                      Matthew B. Weisberg, Esquire
                                         Attorney for Plaintiffs