UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEENAN AND KIM KENNEDY** | : | |
| P/N/G of TIREKE NEWSOME, a minor | : | |
| | : | CIVIL ACTION |
| **Plaintiffs** | : | |
| | : | |
| v. | : | No: 1:11-CV-0382-JEJ |
| | : | |
| **CITY OF LEBANON, et al.** | : | (Judge Jones) |
| | : | |
| **Defendants** | : | |

## MOTION TO DIMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) OF DEFENDANTS, GOOD SAMARITAN HEALTH SERVICES FOUNDATION AND GOOD SAMARITAN FAMILY PRACTICE

AND NOW come Defendants, Good Samaritan Health Services Foundation ("GSHSF") and Good Samaritan Family Practice ("GSFP"), by and through their counsel, Marshall, Dennehey, Warner, Coleman & Goggin, and move this Honorable Court to dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) as follows:

1. Plaintiffs, Keenan and Kim Kennedy ("parent-Plaintiffs"), as parents and natural guardians of Tireke Newsome ("minor-Plaintiff") (collectively hereinafter referred to as "Plaintiffs") commenced the instant civil rights action under 42 U.S.C. § 1983 ("Section 1983") on March 1, 2011.

2.      In this regard, Plaintiffs filed a Complaint against several Defendants, including The Good Samaritan Health Services Foundation of Lebanon, Pennsylvania ("GSHSF").  (Doc. 1)

3.      In response to Plaintiff's Complaint, GSHSF timely filed a Motion to Dismiss and Supporting Brief on May 16, 2011 (Docs. 29 and 30)

4.      Plaintiffs then timely filed an Amended Complaint against GSHSF, and also Defendant, Good Samaritan Family Practice[1] ("GSFP"), on May 27, 2011. (Doc. 33)

5.      Pursuant to an Unopposed Motion for Enlargement of Time to File Responsive Pleading to Plaintiff's Amended Complaint of GSHSF and GSFP, filed on June 6, 2011 (Doc. 35), this Honorable Court granted GSHSF and GSFP until June 30, 2011 to do so.  (Doc. 36)

6.      In their Amended Complaint, Plaintiffs allege that in approximately March of 2009, minor-Plaintiff was registered to attend Northwest Elementary School ("Northwest").  (Doc. 33, Id. at ¶ 13)

7.      In the school year beginning September of 2009, minor-Plaintiff was to begin the fourth grade at Northwest.  Id. at ¶ 14.

---

[1] A private entity within GSHSF.  The undersigned counsel has entered his appearance to defense GSFP.  (Doc. 41)

8. Plaintiffs claim that Northwest had a policy in place requiring that students submit to a physical examination at certain times, including upon entry into Northwest as was the case with minor-Plaintiff. Id. at ¶ 15.

9. In a form provided to parent-Plaintiffs in this regard, it was specifically recommended that their family physician perform the physical examination of minor-Plaintiff. Id. at Exhibit "A", p. 1.

10. However, it was also stated that the physical examination[2] could otherwise be performed by GSFP. Id.

11. Plaintiff-parents apparently chose to have the physical examination performed by GSFP and notified Northwest in writing of their desire to attend same. Id. at ¶ 17 and Exhibit "A".

12. Although allegedly advised that minor-Plaintiff's physical examination would take place on December 17, 2009, causing parent-Plaintiffs to make arrangements to be present on that date, on or about November 19, 2009, GSFP performed a physical examination of minor-Plaintiff without parent-Plaintiffs being present. Id. at ¶¶ 18-19.

13. Said physical examination, in fact, included an assessment of minor-Plaintiff's genitalia, which allegedly caused him to become upset and cry. Id. at ¶ 20 and 24.

---

[2] It is specifically stated in the form that "[t]he school physical is a complete exam which includes an optional examination of the male genitalia." Id.

14. Based on the foregoing facts, Plaintiffs make claim against GSHSF and GSFP for: 1) violation of the 4th Amendment right to be free from governmental intrusion into bodily integrity (made on behalf of minor-Plaintiff); 2) violation of the 14th Amendment right to be free from governmental interference in the rearing of children (made on behalf of parent-Plaintiffs); 3) negligence for allegedly failing to verify whether the physical examination was being performed with parental consent; and 4) battery for an alleged un-consented to touching of minor-Plaintiff. Id. at Counts III, IV and V.

15. Plaintiff's constitutional theories continue to be pursued under Section 1983. Id. at ¶ 46.

16. Because Plaintiff's Amended Complaint continues to contain legal deficiencies, the instant Motion to Dismiss is now being timely filed.

    A.    PLAINTIFFS' CONSTITUTIONAL CLAIMS AGAINST GSHSF AND GSFP SHOULD BE DISMISSED WITH PREJUDICE BECAUSE GSHSF AND GSFP ARE NOT STATE ACTORS, WHICH IS A THRESHOLD REQUIREMENT FOR PURPOSES OF PURSUING SUCH CLAIMS

17. In their Amended Complaint, Plaintiffs allege only the following facts with regard to GSHSF and GSFP:

> 10. Defendant, The Good Samaritan Health Services Foundation of Lebanon, Pennsylvania ("Good Samaritan"), <u>is a non-profit corporation</u>, organized and existing under the laws of the Commonwealth of Pennsylvania.

4

> 11. Defendant, The Good Samaritan Family Practice, ("GSFP"), <u>is a non-profit corporation</u> organized and existing under the laws of the Commonwealth of Pennsylvania and <u>is a private entity within The Good Samaritan Health Services Foundation</u>.
>
> \*   \*   \*
>
> 19. On or about November 19, 2009, Plaintiff Newsome was removed from class, by and at the behest and direction of the School District Defendants (pursuant to their policy) and given a physical examination by Defendant, GSFP, by and through their agent, workmen, servant, or employee acting individually and/or in the scope of employment, Defendant, John Doe.[3]
>
> 20. Said physical examination included an examination of Newsome's genitalia.

(Doc. 33 emphasis supplied)

    18. There is <u>no</u> allegation made in Plaintiff's Amended Complaint that GSHSF or GSFP are state entities (because they are not). <u>Id.</u>

    19. There is no set of facts that Plaintiffs can plead or prove in this case that will establish state action on the part of GSHSF or GSFP. <u>See</u> Supporting Brief.

    20. Accordingly, GSHSF and GSFP respectfully request that this Honorable Court dismiss Plaintiffs' constitutional claims against them, with prejudice, and without grating leave to amend, which would be futile.

---

[3] It will be assumed for purposes of the instant argument only that "John Doe" healthcare provider who performed the physical examination of minor-Plaintiff was at all relevant times an employee of GSHSF.

WHEREFORE, Defendants, Good Samaritan Health Services Foundation and Good Samaritan Family Practice respectfully request that this Honorable Court enter the attached Order.

B.     PLAINTIFFS HAVE FAILED TO ASSERT VALID CONSTITUTIONAL RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENMENTS TO THE UNITED STARES CONSTITUTION (NOR INFRINGEMENT THEREOF) AS UNDERLYING THEIR SECTION 1983 CLAIM

21.     Plaintiffs' claims under the Fourth and Fourteenth Amendment, as to GSHSF and GSFP, fail as a matter of law.

22.     These issues have been thoroughly analyzed in the Memorandum of Law in Support of Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by the School District of Lebanon, Neil Young and Maryanne Bartley, filed at or about the same time as the filing of the instant Motion. See § IV.A therein.

23.     For purposes of judicial economy, said arguments will not be repeated herein, but are adopted *in toto* on behalf of GSHSF and GSFP.

24.     Plaintiffs' claims against all Defendants arise out of the very same facts and, accordingly, if this Honorable Court finds that Plaintiffs' have failed to assert valid constitutional rights (or infringement thereof) as to the co-Defendants, such finding will be similarly applicable to GSHSF and GSFP.

C.  ANY MEDICAL PROFESSIONAL LIABILITY CLAIMS BEING ASSERTED AGAINST GSHSF AND GSFP SHOULD BE DISMISSED AS OF JULY 27, 2011 IF PLAINTIFFS DO NOT FILE THE REQUISITE CERTIFICATES OF MERIT IN SUPPORT OF SUCH CLAIMS

25.  At Counts IV and V of their Amended Complaint, Plaintiffs assert causes of action against GSHSF and GSFP for negligence and battery, respectively. (Doc. 33)

26.  These causes of action can be interpreted as medical professional liability claims considering that GSHSF and GSFP are healthcare providers, alleged to have breached the applicable standard of care and failed to obtain Plaintiffs' informed consent prior to the physical examination of minor-Plaintiff. Id. generally.

27.  To the extent such claims are being pursued, Plaintiffs must file the requisite Certificates of Merit in support of such claims on or before July 26, 2011, sixty (60) days from the filing of the Amended Complaint, in accordance with the mandates of applicable Pennsylvania Rules of Civil Procedure. See Supporting Brief.

28.  If Plaintiffs do not do so, it is respectfully requested that any potential claims of medical professional liability against GSHSF and GSFP, which arise out of alleged breaches in medical professional standards, be dismissed with prejudice as of July 27, 2011.

WHEREFORE, Defendants, Good Samaritan Health Services Foundation and Good Samaritan Family Practice respectfully request that this Honorable Court enter the attached Order.

D.  PLAINTIFFS' CLAIMS FOR PUNITIVE DAMAGES AGAINST GSHSF AND GSFP SHOULD BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE PLAINTIFF HAS FAILED TO PLEAD SUFFICIENT SUPPORTING FACTS

29.  Plaintiff seek, among other relief, an award of punitive damages against GSHSF and GSFP.  (Doc. 33, Counts III and V)

30.  In support of their claims for punitive damages, Plaintiffs describe the conduct of GSFP and its alleged agent as "malicious, intentional, and displayed with a reckless indifference to the rights, safety and well being of the Plaintiff."  Id. at ¶ 51.

31.  This is so notwithstanding that the facts plead in Plaintiffs' Amended Complaint merely establish that a physical examination of minor-Plaintiff was performed by GSFP without parent-Plaintiffs being present as they had requested, but which GSFP was unaware of.  Id. generally.

32.  The factual allegations contained within Plaintiffs' Amended Complaint, when read in a light most favorable to them, do not even suggest gross deviations from the standard of care; at worst, this case involves allegations of mere negligence.  (Doc. 33 generally).

33. Plaintiff's Amended Complaint is completely devoid of factual support which if proven, could sustain a jury award of punitive damages. <u>Id.</u> and <u>see</u> Supporting Brief.

34. Plaintiffs' claim for punitive damages therefore fails as a matter of Pennsylvania law and should be dismissed. <u>See</u> Supporting Brief.

WHEREFORE, Defendants, Good Samaritan Health Services Foundation and Good Samaritan Family Practice respectfully request that this Honorable Court enter the attached Order.

E. PLAINTIFFS' CATCHALL ALLEGATIONS OF NEGLIGENCE SHOULD BE STRICKEN FROM THEIR COMPLAINT BECAUSE SUCH DOES NOT PROVIDE PROPER NOTICE OF CLAIMS BEING ASSERTED AGAINST GSHSF AND GSFP

35. At Count IV of Plaintiffs' Amended Complaint, it is averred in pertinent part as follows:

> 54. Plaintiff was injured due to the negligence, carelessness and recklessness of Defendants, their agents, servants, workmen and employees, <u>which consisted, but was not limited to</u>, the following:
>
> \*   \*   \*
>
> b. <u>Other negligent, careless and/or reckless acts as may be revealed during discovery</u>.

(Doc. 33 emphasis supplied)

36. The foregoing catchall allegations are clearly inappropriate under applicable law. <u>See</u> Supporting Brief.

9

37.     GSHSF and GSFP should not be required to anticipate facts and/or allegations against them in preparing their defense.

38.     Accordingly, the foregoing paragraphs should be stricken from Plaintiff's Amended Complaint, with prejudice.

WHEREFORE, Defendants, Good Samaritan Health Services Foundation and Good Samaritan Family Practice respectfully request that this Honorable Court enter the attached Order.

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

/S/
By:   Craig A. Stone, Esquire
      Michael C. Mongiello, Esquire
      4200 Crums Mill Road, Suite B
      Harrisburg, PA 17112
      (717) 651-3500

Dated: June 29, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion to Dismiss has been served upon the following known counsel and parties of record this 29th day of June, 2011, via electronic filing:

Matthew B. Weisberg, Esquire
Weisberg Law, P.C.
7 South Morton Avenue
Morton, PA 19070

John E. Freund, III, Esquire
King, Spry, Herman, Freund & Faul
One West Broad Street
Suite 700
Bethlehem, PA 18018

David J. MacMain, Esquire
Lamb McErlane, P.C.
24 East Market Street
PO Box 565
West Chester, PA 19381-0565

                                          /S/
                                Michael C. Mongiello

05/736311.v1