# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEENAN AND KIM KENNEDY, P/N/G of T.N., a minor, | : | NO. 11-0382 |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| THE SCHOOL DISTRICT OF LEBANON, NEIL YOUNG, individually and in his official capacity, MARYANNE BARTLEY, individually and in her official capacity, THE GOOD SAMARITAN HEALTH SERVICES FOUNDATION OF LEBANON, and JOHN DOES 1-10, | : | The Honorable John E. Jones, III |
| Defendants. | : | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FILED BY THE SCHOOL DISTRICT OF LEBANON, NEIL YOUNG, AND MARYANNE BARTLEY**

By: John E. Freund, Esq.
   Pa. I.D. No. 25390
   Lucas J. Repka, Esq.
   Pa. I.D. No. 93509
   One West Broad Street
   Suite 700
   Bethlehem, Pennsylvania 18018
   Attorneys for Defendants,
      School District of Lebanon, Neil
      Young, and Maryanne Bartley

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KEENAN AND KIM KENNEDY, P/N/G of T.N., a minor, : : Plaintiffs, : v. : : THE SCHOOL DISTRICT OF LEBANON, : NEIL YOUNG, individually and : in his official capacity, MARYANNE : BARTLEY, individually and in her official capacity, : THE GOOD SAMARITAN HEALTH SERVICES : FOUNDATION OF LEBANON, and JOHN DOES : 1-10, : Defendants. : | NO. 11-0382 The Honorable John E. Jones, III |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FILED BY THE SCHOOL DISTRICT OF LEBANON, NEIL YOUNG, AND MARYANNE BARTLEY**

AND NOW comes the School District of Lebanon, Neil Young, individually and in his official capacity, and Maryanne Bartley, individually and in her official capacity, above-captioned Defendants (collectively, referred to as "Defendants"), by and through their counsel, King, Spry, Herman, Freund & Faul, LLC, to submit a Reply Memorandum in Support of their Motion to Dismiss the First Amended Complaint filed by Kennan and Kim Kennedy, as parents and natural guardian of T.N., a minor, above-captioned Plaintiffs.

I.  STATEMENT OF FACTS/PROCEDURAL HISTORY

On June 20, 2011, Defendants filed a Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), and shortly thereafter, filed a Brief in Support of their Motion to Dismiss. On June 29, 2011, Good Samaritan Family Practice, and the Good Samaritan Health Services Foundation of Lebanon filed their Motion to Dismiss Plaintiffs' First Amended Complaint and Brief in Support thereof.

On August 12, 2011, Plaintiffs, through counsel, filed an Omnibus Response in Opposition to the Motions to Dismiss and Memorandum of Law in Support. In response to Defendants' Motion to Dismiss, Plaintiffs contend their First Amended Complaint sets forth sufficient averments and/or allegations to state a viable claim under the Fourth and Fourteenth Amendments, as well as under the holding in Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Contrary to Plaintiffs' contentions, however, the authority cited in support of their claims is insufficient for the survival of this litigation. As discussed more fully below, the cited authority is factually and legally inapposite to the averments and allegations contained in Plaintiffs' First Amended Complaint. Accordingly, Defendants' Motion to Dismiss must be granted and Plaintiffs' First Amended Complaint dismissed with prejudice for failing to set forth a viable cause of action against Defendants.

## II.  QUESTIONS PRESENTED

A. Whether Tenebaum v. Williams, 193 F.3d 581 (2nd Cir. 1999), Dubbs v. Head Start, Inc., 336 F.3d 1194 (10th Cir. 2003), and/or Safford Unified School District #1 v. Redding, 129 S.Ct. 2633 (2009), set forth legal principles under the Fourth Amendment requiring this Court to deny Defendants' Motion to Dismiss.

Suggested Answer:   No.

B. Whether Greene v. Camreta, 588 F.23d 1011 (9th Cir. 2009), sets forth sufficient legal principles under the Fourteenth Amendment requiring this Court to deny Defendants' Motion to Dismiss.

Suggested Answer:   No.

## III.  ARGUMENT

In their First Amended Complaint, Parents attempt to set forth two separate and distinct claims under Section 1983, 42 U.S.C. §1983. First, Parents contend the School District, Young,

and Bartley, in their individual capacities, acting under the color of state law, deprived Student of his right as a public school student to personal security and bodily integrity, (Complaint ¶29), and in so doing, violated Student's rights protected by the Fourth and Fourteenth Amendments to Constitution of the United States. (Complaint ¶31).

Defendants, in their Motion to Dismiss, challenge the factual and legal sufficiency of Plaintiffs' claims, and submit this Memorandum to discuss the authority cited by Plaintiffs in support of their claims under the Fourth and Fourteenth Amendments to the United States Constitution. Defendants incorporate their contentions and/or arguments in their Memorandum in Support of their Motion to Dismiss as if they were set forth herein at length, and because Plaintiffs fail to cite any operate authority in support of their claims under Monell or to contest the defense of qualified immunity for the individually named defendants, Defendants rest on their Memorandum in Support on those issues.

   A.   Whether Tenebaum v. Williams, 193 F.3d 581 (2nd Cir. 1999), Dubbs v. Head Start, Inc., 336 F.3d 1194 (10th Cir. 2003), and/or Safford Unified School District #1 v. Redding, 129 S.Ct. 2633 (2009), set forth legal principles under the Fourth Amendment requiring this Court to deny Defendants' Motion to Dismiss.

In their Memorandum of Law in Support of their Response in Opposition to Defendants' Motion to Dismiss, Plaintiffs cite Tenebaum v. Williams, 193 F.3d 581 (2nd Cir. 1999), Dubbs v. Head Start, Inc., 336 F.3d 1194 (10th Cir. 2003), and Safford Unified School District #1 v. Redding, 129 S.Ct. 2633 (2009), to argue the alleged medical examination constitutes an unreasonable search under the Fourth Amendment to the United States Constitution. Contrary to Plaintiffs'' contentions, however, and as discussed in the Defendants' Memorandum in Support of their Motion to Dismiss, the alleged medical examination does not constitute a search under

the Fourth Amendment.  Moreover, upon a detailed review of the afore-referenced authority, it is clear that they are inapposite to the instant litigation and do not compel a different result.

First, in Tenebaum, the parents of a minor brought a Section 1983 claim against several public institutions alleging that their child's removal from school and medical examination for signs of sexual abuse violated their due process rights and their child's right to be free from unreasonable searches and seizure.  The Court determined the child's removal from school for the medical examination, without consent, judicial intervention, and/or emergency circumstances constituted a violation of the parent's liberty interest in the care, custody and management of their children.  In addition, the Court held that the medical examination was performed for the purpose of determining whether the child was a victim of sexual abuse by her father, and not for medical purposes, and, therefore constituted a search.

Likewise, Dubbs held that a medical examination conducted without notice or consent to parents and conducted, at least in part, to discover child abuse, constitutes a search under the Fourth Amendment.  In addition, Redding concluded that the search of a female student in search of inappropriate medication for disciplinary purposes constitutes a search.

Unlike in Tenebaum, Dubbs, and Redding, however, the medical examination at issue here was conducted pursuant to the Pennsylvania Public School Code, and pursuant to parental consent.  Parents aver that they were aware of impending medical examination, and consented to the examination as evidenced by Exhibit "A" attached to the Complaint.  See ¶16 of Complaint.  Parents were even provided an opportunity to have a private physical examination conducted to avoid the medical examination complained of now.  Despite knowledge, consent, and an opportunity to avoid the medical examination, Parents elected to permit the School District to perform the medical examination.  Indeed, Exhibit "A" to Parents' First Amended Complaint

expressly states, "[t]he school physical is a complete exam which includes an optional examination of the male genitalia." Id. In no way did Parents express limited consent to the examination nor aver that an objection was made to the optional portion of the medical examination. While Parents aver they expressed a desire to be present during the medical examination, such a desire does not express an objection or limitation concerning the extent of the examination, nor violate rights protected by the Fourth Amendment. Indeed, the School District Defendants respectfully submit that no authority exists to indicate the limitations and/or reasonableness of a search is defined by the presence of another individual.

In addition, and completely opposite of Tenebaum, Dubbs, and Redding, the medical examination in the instant matter was conducted for medical purposes only. There is absolutely no averment that expressly or gives rise to an inference that the medical examination served any additional purpose. In fact, the averments and allegations in Parents' First Amended Complaint clearly establish the examination was conducted for medical, rather than investigatory, purposes in accordance with the Pennsylvania Public School Code of 1949, as amended. No law enforcement agency was involved in these examinations and none were contacted regarding the results of the examinations. Moreover, no one suspected that Student was or had been a victim of abuse, sexually or otherwise, at the time or prior to the examinations taking place. As all of the averments clearly establish that the examination was conducted strictly for medical, and not investigatory, purposes, no Fourth Amendment protection is implicated, and the authority cited by Plaintiffs do not compel the denial of Defendants' Motion to Dismiss.

Upon consideration of the averments and allegations in Plaintiffs' First Amended Complaint, Defendants submit the instant matter is controlled by the holdings in Chayo v. Kaladjian, 844 F.Supp. 163, 169 (S.D. N.Y. 1994) (interpreting van Emrik v. Chemung County

Department of Social Services, 911 F.2d 863 (2nd Cir. 1990) to permit unauthorized x-rays that were ordered by a pediatric resident for purposes of diagnosis, not investigation, where child had visible bruise on head), and Schwimmer v. Kaladjian, 988 F. Supp. 631, 641 (S.D. N.Y. 1997), aff'd 164 F.3d 619 (2nd Cir. 1998) (doctor-ordered x-rays where child was covered with ecchymotic lesions were medically indicated, not merely investigative).

Where, as here, the medical examination was conducted by medical professionals without any averment that the examination was improper in any way, pursuant to parental consent, and for medical and not investigatory purposes, there is no Fourth Amendment violation as a matter of law. In sum, when compared to the factual allegations contained in Plaintiffs' First Amended Complaint, Tenebaum, Dubbs and Redding are materially distinguishable and inapposite. Consequently, the Defendants' Motion to Dismiss must be granted with prejudice for failure of Plaintiff to set forth sufficient averments and/or allegations upon which relief can be granted.

  B. Whether Greene v. Camreta, 588 F.3d 1011 (9th Cir. 2009), sets forth sufficient legal principles under the Fourteenth Amendment requiring this Court to deny Defendants' Motion to Dismiss.

In addition, in their Memorandum of Law in Support of their Response in Opposition to Defendants' Motion to Dismiss, Plaintiffs cite Greene v. Camreta, 588 F.3d 1011 (9th Cir. 2009) vacated in part by 131 S.Ct. 2020 (2011), to support their claim for a violation of substantive due process rights under the Fourteenth Amendment to the United States Constitution. However, the determination in Greene does not compel this Court to deny Defendants' Motion to Dismiss.

In Greene, a mother brought a Section 1983 action against child protective services alleging violations of the Fourth Amendment and their familial rights under the Fourteenth Amendment's Due Process Clause. In relevant part, the Court noted that the affirmative exclusion of the mother from a daughter's investigatory physical examination for suspected

sexual abuse was a violation of her substantive due process rights relying on the determination in Wallis v. Spencer, 202 F.3d 1126, 1130 (9th Cir.2000).

As noted previously, the medical examination at issue here was conducted pursuant to the Pennsylvania Public School Code, and pursuant to parental consent. Parents aver that they were aware of impending medical examination, and consented to the examination as evidenced by Exhibit "A" attached to the Complaint. See ¶16 of Complaint. Parents were even provided an opportunity to have a private physical examination conducted to avoid the medical examination complained of now. Despite knowledge, consent, and an opportunity to avoid the medical examination, Parents elected to permit the School District to perform the medical examination. Indeed, Exhibit "A" to Parents' First Amended Complaint expressly states, "[t]he school physical is a complete exam which includes an optional examination of the male genitalia." Id. In no way did Parents express limited consent to the examination nor aver that an objection was made to the optional portion of the medical examination. While Parents aver they expressed a desire to be present during the medical examination, such a desire does not express an objection or limitation concerning the extent of the examination, nor violate rights protected by the Fourth Amendment. Indeed, the School District Defendants respectfully submit that no authority exists to indicate the limitations and/or reasonableness of a search is defined by the presence of another individual.

Moreover, the medical examination in the instant matter was conducted for medical purposes only. There is absolutely no averment that expressly or gives rise to an inference that the medical examination served any additional purpose. In fact, the averments and allegations in Parents' First Amended Complaint clearly establish the examination was conducted for medical, rather than investigatory, purposes in accordance with the Pennsylvania Public School Code of

1949, as amended. No law enforcement agency was involved in these examinations and none were contacted regarding the results of the examinations. Moreover, no one suspected that Student was or had been a victim of abuse, sexually or otherwise, at the time or prior to the examinations taking place. As all of the averments clearly establish that the examination was conducted strictly for medical, and not investigatory, purposes, no substantive due process violation under the Fourteenth Amendment occurred, as a matter of law. Thus, Defendants' Motion to Dismiss must be granted, and Plaintiffs' First Amended Complaint dismissed with prejudice.

IV.   CONCLUSION

For the foregoing reasons, the School District, Young, and Bartley respectfully request this Court enter an Order granting their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and thereby dismissing Plaintiffs' First Amended Complaint in its entirety, with prejudice.

          Respectfully Submitted,

          KING, SPRY, HERMAN, FREUND & FAUL

          By:  /s/ *John E. Freund, III*
               John E. Freund, III, Esquire
               Pa. I.D. No. 25390
               One West Broad Street
               Bethlehem, Pennsylvania 18018
               Phone: (610) 332 – 0390

Dated: August 26, 2011          Fax:    (610) 332 – 0314

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEENAN AND KIM KENNEDY, P/N/G of T.N., a minor, | : | NO. 11-0382 |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| THE SCHOOL DISTRICT OF LEBANON, NEIL YOUNG, individually and in his official capacity, MARYANNE BARTLEY, individually and in her official capacity, | : | : The Honorable John E. Jones, III |
| THE GOOD SAMARITAN HEALTH SERVICES FOUNDATION OF LEBANON, and JOHN DOES 1-10, | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, hereby certify, that I served a true and correct copy of the Reply Memorandum of Law in Support of the Motion to Dismiss Plaintiff's First Amended Complaint filed by the Lebanon Area School District, Neil Young, and Maryanne Bartley, pursuant to Federal Rule of Civil Procedure 12(b)(6), has been filed electronically and is available for viewing and downloading from the ECF system. The document has been served electronically on the following counsel of record, except where noted:

Mathew B. Weisenberg
Weisberg Law, P.C.
7 South Morton Avenue
Morton, Pennsylvania 19070
    Attorney for Plaintiffs

Michael C. Mongiello
Marshall, Dennehey, Warner, Colman & Goggin
4200 Crums Mill Road, Suite B
Harrisburg, Pennsylvania 17112
    Attorney for Good Samaritan Health Services Foundation

By: /s/ *John E. Freund, III*
John E. Freund, III, Esquire
Pa. I.D. No. 25390
One West Broad Street
Bethlehem, Pennsylvania 18018
Phone: (610) 332 – 0390
Fax:     (610) 332 – 0314

Date: August 26, 2011