# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEENAN & KIM KENNEDY, individually and as parents and guardian of TIREKE NEWSOME, a minor, | : : : : : | No. 1:11-cv-00382 |
| | : | Hon. John E. Jones III |
| Plaintiffs, | : : | |
| v. | : : | |
| CITY OF LEBANON, *et al.*, | : : | |
| Defendants. | : | |

## **MEMORANDUM**

## **April 10, 2013**

Pending before the Court is the collective Defendants' Joint Motion to Dismiss (doc. 97) due to Plaintiffs' failure to prosecute this action and failure to cooperate in discovery pursuant to Federal Rules of Civil Procedure 41(b) and 37(d). The said Motion is deemed unopposed pursuant to Local Rule 7.6. For the reasons that follow, we will grant the collective Defendants' Motion in its entirety and dismiss the Plaintiffs' Complaint.

## I.    INTRODUCTION & PROCEDURAL HISTORY

The Plaintiffs in this matter are Keenan and Kim Kennedy, natural parents of minor Plaintiff Tireke Newsome. The Plaintiffs commenced this action more than two years ago with the filing of a Complaint on March 1, 2011. (Doc. 1). In

response to the Defendants' Motion to Dismiss (doc. 11), the Plaintiffs filed an Amended Complaint (doc. 33) on May 27, 2011. The Amended Complaint asserts claims for violation of the Fourth and Fourteenth Amendments against Defendants Maryanne Bartley, Neil Young, and the School District of Lebanon (collectively, "School District Defendants") and Defendants Good Samaritan Health Services Foundation and Good Samaritan Family Practice (collectively, "Good Samaritan Defendant"), in addition to state law negligence and battery claims against the Good Samaritan Defendants. (*Id.*).

The claims in the Amended Complaint arise from the Plaintiffs' election to have a mandatory elementary school wellness exam for their son, the minor Plaintiff, completed by the Good Samaritan Defendants, an entity associated with the School District for purposes of such exams, rather than their own private physician. According to the Plaintiffs, they advised the School District of their desire to attend the physical examination. Notwithstanding this limitation on the scope of the Plaintiffs' permission, the School District and the Good Samaritan Defendants completed the examination outside of the parents' presence. That physical examination included an assessment of the minor Plaintiffs' genitalia which caused the minor Plaintiff to become extremely upset.

Shortly after the Amended Complaint was filed, the School District

Defendants and Good Samaritan Defendants both again filed motions to dismiss. (Docs. 42, 53). On December 21, 2011, we issued a memorandum and order (doc. 68) which ultimately dismissed the Fourth Amendment claim but allowed the remaining claims to proceed. (Doc. 68). We further granted the Plaintiffs leave to amend their pleading with regard to municipal liability allegations contained in Count II. (*Id.*). The Plaintiffs voluntarily withdrew that claim. (Doc. 72).

After an unsuccessful attempt at mediation in June of 2012, the Plaintiffs have done essentially nothing to prosecute their claims. On October 22, 2012, Court intervention was sought by counsel for the Defendants advising that the Plaintiffs had failed to respond to several written discovery requests. (Doc. 82). On October 23, 2012, the Court issued an Order recognizing that the Plaintiffs' discovery responses were woefully overdue and granting an extension of ten (10) days in which they must be served. (Doc. 84). Shortly thereafter, on November 2, 2012, counsel for the Plaintiffs filed a Motion to be Relieved as Counsel and for an Interim Stay which advised the Court that in the course of his representation of the Plaintiffs, Plaintiff Keenan Kennedy has apparently become incarcerated and Plaintiff Kim Kennedy has moved outside of the District and refused multiple attempts at communication from counsel. (Doc. 85).

We granted the Plaintiffs a period of twenty (20) days in which to object to

counsel's proposed withdrawal and, maintaining in their non-responsiveness, the Plaintiffs failed to object. On November 14, 2012, counsel for the Plaintiffs helpfully filed a supplement to his withdrawal motion, indicating to the Court that while Plaintiff Kim Kennedy had become somewhat responsive, the information that she relayed to counsel rendered him unable to prosecute this matter.[1] As a result, and for good cause having been shown, we granted the motion to withdraw on November 15, 2012 and granted the Plaintiffs a period of sixty (60) days in which to retain successor counsel or proceed *pro se*. (Doc. 92). The docket was thereafter updated to reflect the Plaintiffs' *pro se* status and their last known addresses as obtained by withdrawn counsel.

On January 29, 2013, counsel for the Good Samaritan Defendants filed a letter on the docket correctly indicating to the Court that this sixty (60) day period had elapsed without any activity on the Plaintiffs' part. We thus declared by Order dated January 30, 2013 (Doc. 95) that the interim stay imposed by operation of our November 15, 2012 Order (doc. 92) was lifted and that the Plaintiffs were now proceeding *pro se*. We admonished the Plaintiffs to familiarize themselves with all

---

[1] Specifically, Plaintiff Kim Kennedy relayed that her husband has become incarcerated and was awaiting trial for the alleged forcible rape of his oldest daughter, that she had obtained a protection from abuse order against him, that she was currently living in a homeless shelter in New York City, and that as a result of the criminal charges brought against her husband, Plaintiff Kim Kennedy's six children, including minor Plaintiff in this action, have been removed from her custody and placed in foster care.

4

of the applicable procedural rules, including but not limited to the Federal Rules of Appellate Procedure and the Local Rules of Court. We further expressly reminded the Plaintiffs of their continuing obligation to prosecute this case and forewarned that any failure to do so could result in dismissal of their claims. (*Id.*). In the interests of fairness to all parties, we continued the case from the June 2013 trial term to the August 2013 trial term.

Counsel for both the School District Defendants and the Good Samaritan Defendants now jointly move the Court to dismiss this matter as a result of the *pro se* Plaintiffs' failure to prosecute this action or to respond in any meaningful way to any communication from opposing counsel. (Doc. 97). In their Motion, counsel aver that they have made repeated attempts to communicate with both Plaintiff Kim Kennedy and Plaintiff Keenan Kennedy and that each time those attempts have gone unanswered. Plaintiff Kim Kennedy, as an indispensable party to this litigation, was noticed of her deposition to take place on February 26, 2013, and despite apparent receipt of the notice, failed to attempt her deposition. Thus, in the nearly four months since their counsel withdrew, the Plaintiff parents have been virtually absent from this litigation and neither counsel nor the Court have been advised that a guardian *ad litem* has been appointed for minor Plaintiff. For all of these reasons, the Defendants jointly move the Court to dismiss this matter for

failure to prosecute and cooperate in discovery.

## II. DISCUSSION

Notwithstanding the Plaintiffs' failure to oppose the instant Motion, which in and of itself presents a sufficient basis for the Court to grant the said Motion and dismiss this case, *see Nowland v. Lucas*, 2012 U.S. Dist. LEXIS 15, *3-6 (M.D. Pa. Jan. 3, 2012), in the interest of abundant caution, we consider the merits of the Defendants' Motion pursuant to dismiss the *pro se* Plaintiffs' Amended Complaint pursuant to Rule 41(b). Because we ultimately find that the *pro se* Plaintiffs' utter failure to prosecute this action warrants dismissal, we will grant the Defendants' Motion and dismiss the Plaintiffs' claims in their entirety.

Federal Rule of Civil Procedure 41(b) provides that in the event that a "plaintiff fails to prosecute or to comply with these rules or a court order," any defendant may move to dismiss the action as a whole or any claim against it. Fed. R. Civ. P. 41(b). A decision as to whether an action should be dismissed for failure to prosecute rests within the sound discretion of the district court and will not be disturbed on appeal absent a demonstrated abuse of discretion by the district judge. *See Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002). In *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit enumerated six factors for consideration by the

district court in determining whether to dismiss a case pursuant to Rule 41(b): (1) the extent of the non-moving party's responsibility; (2) the prejudice to the adverse party caused by the failure to meet scheduling orders and respond to discovery; (3) any history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the non-moving party's claims or defenses. *Id.* at 868-870. The greater balance of these factors weigh heavily in favor of dismissal.

With regard to the first element, which considers the relative culpability of the non-moving party, it is indisputable that the total failure to abide by legal responsibilities has been the fault of the *pro se* Plaintiffs themselves and not the fault of prior counsel or elements outside of the Plaintiffs' control. Indeed, prior to withdrawing, counsel for the Plaintiffs advised the Court of their blatant failure to cooperate with him for purposes of litigating and described their conduct in terms of malfeasance rather than nonfeasance. The *pro se* Plaintiffs have consistently and actively refused to cooperate with opposing counsel or to respond to the express orders of this Court, and thus the culpability for the failure to prosecute rests entirely with the Plaintiffs. As the Defendants note, *pro se* Plaintiffs have neglected to meet the most minimum thresholds of *pro se* prosecution of a civil claim by

failing to comply and maintain compliance with Local Rule 83.18, which requires all *pro se* parties to provide and maintain a current address with the Clerk of Court. Accordingly, because the delays in this action are exclusively attributable to the Plaintiffs, this first factor weighs heavily against the Plaintiffs.

The second *Poulis* factor likewise weighs against the noncompliant *pro se* Plaintiffs. In failing to attend depositions and participate in discovery, the *pro se* Plaintiffs are actively prejudicing the Defendants from being able to effectively defend the claims against them. This alone has justified dismissal pursuant to Federal Rule of Civil Procedure 37(d) and tends to disfavor dismissal under the second *Poulis* element. *See Barnett & Son, Inc. v. Outboard Marine Corp.*, 611 F.2d 32 (3d Cir. 1979). Further, and in addition to the not insubstantial stigma associated with being a named defendant in constitutional litigation, the failure to prosecute this matter has also prejudiced each Defendant in that substantial time has elapsed, memories of potential witnesses have continued to fade and, as the Defendants observe, they have "continued to be forced to defend against claims stated but never substantiated by Plaintiffs, all to their mounting multi-faceted prejudice." (Doc. 98, p. 16).

The third and fourth factors likewise weigh against allowing this now stale litigation to proceed. As the Defendants correctly observe, the Plaintiffs have been

8

dilatory in their attention to this litigation since its commencement, failing to respond to discovery requests for more than eight months in addition to failing to communicate with–and apparently actively avoiding–their prior counsel. Despite diligent efforts by defense counsel, the *pro se* Plaintiffs have been nothing but refractory throughout this litigation. Relatedly, although there is no direct evidence before the Court to establish the same, it is patently apparent that the Plaintiffs' failure to prosecute has not been the result of good faith interferences beyond their control. Indeed, prior counsel has indicated to the Court that it was his view that Plaintiff Kim Kennedy's avoidance of the matter was intentional. Accordingly, both the third and fourth *Poulis* factors weigh in favor of dismissal.

The fifth *Poulis* factor tasks the Court to analyze available sanctions other than dismissal and weigh their likely effectiveness. The Third Circuit has had the opportunity to address similar circumstances involving absent *pro se* plaintiffs and, in those instances, has held that notwithstanding the requirements of the fifth *Poulis* factor, "where we are confronted by a *pro se* litigant who will not comply with the rules or court orders, lesser sanctions may not be an effective alternative." *Nowland v. Lucas*, 2012 U.S. Dist. LEXIS 15, *8 (M.D. Pa. Jan. 3, 2012) (citing *Briscoe v. Klaus*, 538 F.3d 252, 262-63 (3d Cir. 2008)). In *Nowland*, this Court recognized that a plaintiff's status as a *pro se* litigant often effectively limits the

ability of the court to implement lesser sanctions to ensure compliance with Court orders and rules such that the only remaining sanction is dismissal. *Id.* Here, like in *Nowland*, the effectiveness of alternative sanctions remains in serious doubt given the wholly noncompliant behavior of the *pro se* Plaintiffs. We have afforded Plaintiffs every consideration, including extensions of time. It is evident that allowing an even wider berth will accomplish nothing but further prejudice to the Defendants. Accordingly, the fifth *Poulis* factor weighs in favor of dismissal.

Finally, we are directed to consider one other factor: the meritoriousness of the Plaintiffs' claims. When counseled, the Plaintiffs' Fourteenth Amendment and state tort claims survived the Defendants' Rule 12(b)(6) motions to dismiss and were allowed to proceed to discovery. However, the Defendants indicate that in the interim, no discovery has been produced which establishes that the Defendants were aware of and disregarded the Plaintiff parents' desire to attend the physical examination, a crucial factual dispute underlying each of the Plaintiffs' claims. Absent such evidence, the meritoriousness of the Plaintiffs' claims is called into serious doubt. In any event, the potential merit of the Plaintiffs' claims does not overcome the greater balance of the *Poulis* factors which, in their entirety, weigh against the Plaintiffs and in favor of dismissal. *See Nowland*, 2012 U.S. Dist. LEXIS 15, at *14-15 (where *pro se* plaintiff was wholly noncompliant with his

obligations as a litigant, untried merits of his claims cannot defeat a Rule 41(b) motion).

In sum, a dispassionate analysis of the *Poulis* factors reveal that the *pro se* Plaintiffs have disregarded the Local Rules and Orders of this Court, neglected discovery obligations, and made themselves entirely unreachable by failing to maintain current addresses with the Clerk of Court. On these facts, we cannot but conclude that the *pro se* Plaintiffs have abandoned this litigation and will grant the Defendants' Motion to Dismiss.[2] (Doc. 97).

## III. CONCLUSION

For all of the reasons articulated herein, the Court will grant the collective Defendants' Joint Motion to Dismiss (doc. 97) pursuant to Federal Rule of Civil Procedure 41(b) and dismiss the *pro se* Plaintiffs' claims. An appropriate Order shall issue.

---

[2] Under the circumstances here, where the Plaintiff parents have refused to participate in pursuing their own claims, it is a virtual certainty that the Plaintiff parents will not make the minor Plaintiff available for purposes of his own claims. Counsel for the Defendants advise the Court that the minor Plaintiff is in foster care, believed to be out of state, and that no guardian ad litem has yet come forward to represent his interests. The Defendants submit that it would be unreasonable to require them to expend additional resources in attempting to locate the minor Plaintiff. We agree that to place such a burden on the defense would be unjust. As a result, and so as to not prejudice the minor Plaintiff, the Court will dismiss the claims brought by the minor Plaintiff without prejudice to the refiling of those claims by the minor Plaintiff, if he so elects, within the statute of limitations applicable to minors' claims.